IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

JAMES RICHARD TROYER, JR., #1421719 §

VS. § CIVIL ACTION NO. 4:10cv258

DIRECTOR, TDCJ-CID §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner James Richard Troyer, Jr., previously an inmate confined in the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Facts of the Case

The present petition for a writ of habeas corpus was filed on May 6, 2010. The Petitioner was confined pursuant to a Collin County conviction for driving while intoxicated in Cause Number 366-81115-06. On February 23, 2007, he was sentenced to seven years of imprisonment. His petition does not challenge the legality of his conviction; instead, he complained that he had not been released from prison. He presented the following grounds for relief:

1. The Texas Board of Pardons and Paroles ("Parole Board") disregarded Texas Government Code § 508.151(d), resulting in his illegal confinement;

2. The Petitioner was deprived of procedural due process in the summary denial of his release on parole or discretionary mandatory supervision;

3. The Petitioner was denied discretionary mandatory supervision without probative relevant evidence; and

4. Section 508.149 of the Texas Government Code was unconstitutionally vague and misapplied.

The Director filed an answer (docket entry #15) on September 28, 2010. The Petitioner filed a response (docket entry #18) on January 19, 2011. At the same time, he filed a notice of change of address (docket entry #17), which revealed that he was no longer in custody.

1

The records attached to the answer reveal that the Petitioner was denied discretionary mandatory supervision on December 14, 2009. His next review date was listed as December 20, 2010. It is again noted that he had been released by the time he filed a response to the answer on January 19, 2011.

## Discussion and Analysis

Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. CONST. art. III; *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition. *See Lane v. Williams,* 455 U.S. 624, 632 (1982). A petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Id.; Carafas v. Lavalle,* 391 U.S. 234 (1968). A petitioner challenging only the sentence, and not the underlying conviction, must affirmatively allege and demonstrate collateral consequences. *Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998); *see also Lane,* 455 U.S. at 624. The Petitioner did not challenge the validity of his underlying conviction or sentence, only the execution of his sentence. Specifically, the Petitioner challenged the decision denying him release on discretionary mandatory supervision. Under *Spencer,* collateral consequences are not presumed. The Petitioner has made no allegation nor demonstration of collateral consequences. *Spencer,* 523 U.S. at 1; *see also Bailey v. Southerland,* 821 F.2d 277 (5th Cir. 1987) (holding habeas petition challenging prison disciplinary proceeding and punishment moot after petitioner's release). Most recently, the Northern District of Texas denied a petition for a writ of habeas corpus challenging the denial of parole as moot since the petitioner was no longer in custody. *Carson v. Quarterman*, No. 3:08-CV-0099-K ECF, 2009 WL 1683401 (N.D. Tex. June 15, 2009). Dismissal of this petition as moot is appropriate.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

3

Recommendation

It is recommended that the petition for a writ of habeas corpus be dismissed as moot. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 19th day of March, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE